# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AARON K. DANIELS,

    *Petitioner*,

vs.

EIGHTH JUDICIAL DISTRICT COURT, *et al.,*

    *Respondents*.

3:13-cv-00322-RCJ-WGC

ORDER

This matter comes before the Court for initial review. Petitioner, a state court criminal defendant, filed a notice of appeal, in which he seeks to appeal to this Court a decision of the state courts rejecting his double jeopardy challenge to a retrial.

Petitioner's filing is subject to multiple defects.

First, petitioner did not pay the filing fee, and he did not file an application to proceed *in forma pauperis*. Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00. Petitioner did not file an application for a writ of habeas corpus in this Court; he filed a notice of appeal. The filing fee therefore is $350.00. Moreover, the payment of the $350.00 filing fee is subject to the requirements of the Prisoner Litigation Reform Act in 28 U.S.C. § 1915, including the requirement that petitioner pay the full $350.00 fee in installments even if he currently is not able to pay the entire fee.

Second, this Court does not have jurisdiction over the claims brought against the State or the state district court, as an arm of the State. The state sovereign immunity recognized

by the Eleventh Amendment bars suit directly against the State or an arm of the State in federal court, regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984).

Third, this Court does not have appellate jurisdiction over the state courts. *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). In filing a notice of appeal seeking to appeal an order of the state courts, petitioner unquestionably is seeking to invoke appellate jurisdiction by the federal district court over the state courts. This Court does not have such jurisdiction.

Given the multiple substantial defects presented, the action will be dismissed without prejudice. It does not appear that a dismissal without prejudice would affect any statute of limitations issue or otherwise cause substantial prejudice. Petitioner is not currently incarcerated under a final judgment of conviction with regard to the charge, and the one-year limitation period for instead filing a federal habeas petition thus has not begun to run. A dismissal without prejudice would not materially impact petitioner's ability to pursue any other federal relief that might be available to him in this procedural context, and the Court makes no determination whatsoever that petitioner is unable to seek federal relief at this juncture on a double jeopardy challenge in a properly commenced new action. The Court simply is dismissing this improperly commenced and fundamentally deficient action without prejudice. The Court notes that petitioner is represented by counsel in the state court proceedings.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice. This action is closed, and petitioner must pursue any further requests for relief in a new action under a new docket number.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: July 9, 2013.

_____
ROBERT C. JONES
Chief United States District Judge